**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000856
24-AUG-2022
07:57 AM
Dkt. 75 SO**

NO. CAAP-17-0000856

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EDWARD K. NAKAULA, JR., Plaintiff-Appellant, v.
NEAL WAGATSUMA, WARDEN, KAUA'I COMMUNITY CORRECTIONAL CENTER,
STATE OF HAWAI'I, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 15-1-0079)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Plaintiff-Appellant Edward K. Nakaula, Jr. (**Nakaula**) appeals from the Circuit Court of the Fifth Circuit's (1) November 7, 2017 Order of Dismissal Pursuant to Rule 28 of the Rules of the Circuit Courts of the State of Hawai'i (**Order of Dismissal**) and (2) April 18, 2018 Judgment of Dismissal as to All Claims and All Parties (**Judgment**).[1]

---

[1] The Honorable Kathleen N.A. Watanabe presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as follows and affirm.

In the Order of Dismissal, the circuit court dismissed Nakaula's June 5, 2015 Complaint (**Complaint**) for want of service. Specifically, Nakaula did not serve the Complaint on Defendant-Appellee Neal Wagatsuma, Warden, Kauaʻi Community Correctional Center, State of Hawaiʻi (**Wagatsuma**), pursuant to the Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**) Rule 28.

> RCCH Rule 28 provides as follows:
>
> A diligent effort to effect service shall be made in all actions. An action or claim may be dismissed sua sponte with written notice to the parties if no service is made within 6 months after the action or claim has been filed. Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.

Nothing in the record demonstrates that the circuit court improperly entered the Order of Dismissal.

Moreover, the Order of Dismissal explicitly stated, "[t]his dismissal may be set aside and the pleading or claim may be reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of this order of dismissal." Nakaula did not file a motion to set aside the dismissal to have his pleading reinstated.

2

Having raised no other discernable arguments on appeal relevant to the order and judgment, Nakaula presents no basis for this court to hold that the circuit court erred in dismissing his Complaint.[2]

For these reasons, we affirm the circuit court's (1) November 7, 2017 Order of Dismissal Pursuant to Rule 28 of the Rules of the Circuit Courts of the State of Hawaiʻi and (2) April 18, 2018 Judgment of Dismissal as to All Claims and All Parties.

DATED:  Honolulu, Hawaiʻi, August 24, 2022.

On the briefs:

Edward K. Nakaula, Jr.,
Self-represented
Plaintiff-Appellant.

Caron M. Inagaki,
Deputy Attorney General,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[2] Nakaula's opening brief does not meet the requirements of Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b).  Pursuant to HRAP Rule 1(d), "[a]ttorneys and pro se parties are deemed to be aware of, and are expected to comply with, all of the provisions of these rules."  However, we address Nakaula's arguments as related to the order and judgment from which he appeals "to the extent they can reasonably be discerned" to promote equal access to justice for pro se litigants.  Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 193, 268 P.3d 443, 446 (App. 2011).